The opinion of the court was delivered by
Fenner, J.
The plaintiff, a married woman, with the authorization of her husband, sold to the defendanta piece of prop *359 erty, of which he refused to accept the title tendered, on the following grounds:
1. That the property having been purchased by Mrs. Durruty during marriage, although bought in her name and although the act fully declares that it was bought with her separate funds, is presumed to be community property, and that he can not be compelled to take the title until that presumption is judicially rebutted.
Our decision in Bachino vs. Coste, 35 An. 570, certainly imposes upon the married woman, in such case, the duty, and upon the purchaser from her the right to require her, to rebut this presumption, and to rebut it contradictorily with those having a right to dispute her title, such as the forced heirs of the husband, if he be dead, and his judicial mortgage creditors.
In this case, a certificate of mortgage in the husband’s name was produced, showing a judicial mortgage for a large amount, recorded in the name of Leon Hernandez, who, it was shown, was an absentee residing in Prance.
Thereupon, a petition was filed making him a party, and appointing a curator ad hoc to represent him, who appeared and filed answer in that capacity and represented him on the trial.
It is not disputed that the proof administered by Mrs. Durruty clearly and conclusively established every fact essential to maintain the paraphernality of her title and her full right to sell; but defendant claims that the judgment to that effect is not binding on Hernandez, because he was not legally made a party, and that the attempt to make him a party by substituted service on the curator ad hoc, was not “due process of law.”
Reference is made to the decision of this court in Loughlin vs. Ice Company, 35 An. 1184, and to the decision of the United States Supreme Court in Pennoyer vs. Neff, 95 U. S. 714, and sundry other cases.
An examination of those decisions very clearly shows that this case is an exception to the general rule formulated therein, which applies only to actions strictly in personam.
Thus Justice Field, as the organ of the court, expressly says: “ Such service may be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or when the public *360 is a party, to condemn and appropriate it for a public purpose. In. other words, such service may answer in all actions which are substantially proceedings in rent. But where the entire object of the action is to determine the personal rights and obligations of the parties, that is, where the suit is merely in personam, constructive service in this form upon a non-resident is ineffectual for any purpose.” Pennoyer vs. Neff, 95 U. S. 727.
It is obvious, in this case, that the sole object of the proceedings, as against Hernandez, is to define the status of this property, to determine the validity of his apparent lien upon it, in order to enforce a contract respecting the same. He can not be reached for personal service, and unless he could be brought in by such substituted service, his mere absence would have the effect to place and to keep this property out of commerce. We therefore hold that he was validly brought into court through service on the curator, and will be concluded by the judgment.
The character and responsibility of the gentleman appointed as curator forbid our attaching the slightest importance to the suggestion that he has neglected any duty due to his client. Although his answer was filed soon after his appointment, it may well be inferred that he had communicated with the absentee and was advised of his wishes, without which he would not have so acted; and in every event, he is amply responsible.
2. Defendant further objects to the validity of Mrs. Durruty’s title, because derived in part from minors whose title was divested by proceedings conforming to the requirements of law. It was a private sale made to effect a partition under the special provisions of Act No. 25 of 1878. We have critically examined the proceedings and .find them to conform in every respect with the requirements of the act.
The casé of Succession of Dumestre, 40 An. 571, did not involve proceedings under or purporting to be under this act, and has no application here.
The suggestion of defects in further proceedings in course of the partition after the sale to Mrs. Durruty, and her full compliance with the terms thereof, brings up matters with which neither she nor defendant have the slightest concern.
We consider that the decree of the court properly adjusts the rights of the parties as to the interest on the price. Defendant was not in *361 default for non-payment of the cash portion of the price until the date of the judgment, and therefore owes interest from that date only. As the act stipulated 7 per cent, as the rate of interest on deferred payments, it is but just that he should pay that rate on the cash portion from the date of his default.
Mrs. Durruty died during the pendency of the suit and her heirs were regularly made parties in her stead; but by oversight the judgment was rendered in the name of Mrs. Durruty. It is agreed by all parties that this clerical error shall be corrected in our decree.
It is therefore adjudged and decreed that the judgment appealed from be amended by substituting the names of Louise Marie Durruty and Marie Ursule Durruty as plaintiffs in the judgment for that of Mrs. M. O. Durruty, and that as thus amended the same be now affirmed at appellant’s costs.